IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: George Dib Haber, | : | Case No. 2:16-cv-247 |
| Debtor | : | JUDGE GRAHAM |
| _____ | | |
| Clyde Hardesty, | : | |
| Trustee-Appellant, | : | |
| v. | : | |
| George Dib Haber, | : | |
| Debtor-Appellee. | : | |

Opinion and Order

This bankruptcy matter is before the court on the Trustee's appeal of the bankruptcy court's March 10, 2016 order. The bankruptcy court held that the proceeds from a post-petition sheriff's sale of the Debtor's foreclosed real property were not part of the bankruptcy estate because the Trustee had abandoned the real property prior to the sheriff's sale. For the reasons that follow, the bankruptcy court's holding is affirmed.

Background. Debtor George Dib Haber filed a Voluntary Petition for relief under Chapter 13 of the Bankruptcy Code on November 3, 2014. On the Schedule A filed with his Petition, the Debtor disclosed that he owned residential real property at 5317 Agate Place in Lewis Center, Ohio, and stated that the real property had a value of $360,500. On the Debtor's Schedule D, he disclosed that the outstanding balance of claims secured by the real property was $617,628. When the bankruptcy case was converted to one under Chapter 7 on January 7, 2015, the Debtor filed amended schedules that were consistent with the original schedules.

Prior to the Debtor's filing for bankruptcy relief, Home Ally Financial, LLC filed a state court complaint in foreclosure relating to the Debtor's real property. The foreclosure action was stayed on November 7, 2014.

In the bankruptcy court on January 22, 2015, Home Ally filed a motion for relief from the automatic stay to pursue its rights against the real property, including foreclosure remedies. With no

1

objections filed against Home Ally's motion for relief, the bankruptcy court lifted the stay on February 18, 2015.

On February 25, 2015, the Trustee filed an Abandonment of Property in which the Trustee abandoned the Debtor's real property. The bankruptcy case was closed on May 7, 2015.

In the foreclosure action, the real property was sold pursuant to a sheriff's sale on April 15, 2015 for the amount of $320,000. Because the first mortgage holder had failed to file an answer, its lien was extinguished and it was not entitled to be paid from the sale proceeds. The result was a surplus of $80,593 from the sale proceeds after payment to the other lienholders. The state court issued an order allowing any party to show cause by June 5, 2015 why the surplus proceeds should not be returned to the Debtor. The Trustee moved to intervene in state court for the purpose of asserting a claim to the surplus proceeds. On July 13, 2015, the state court granted the motion to intervene and ordered that the surplus proceeds be paid to the Trustee.

In bankruptcy court, the Trustee moved to reopen the estate to administer property for the benefit of the creditors. The Debtor objected and the court conducted a hearing on October 22, 2015. On March 10, 2016, the bankruptcy court ruled that the Trustee had abandoned the real property, which had the effect of removing it from the estate. In so ruling, the court found that the Debtor had properly disclosed the real property on his Schedule A and had fairly estimated the value of the property as well as the amount of the claims secured by it. The bankruptcy court therefore held that the surplus proceeds from the sale of the real property were not the property of the estate and that the court had no jurisdiction over the surplus proceeds.

Discussion. On appeal the Trustee contends that the real property and the surplus proceeds are distinct assets which should be treated separately. The Trustee argues that he abandoned only the real property and not any proceeds later created from the sale of the real property. He further argues that the Debtor should have disclosed the surplus proceeds on his Schedule B (personal property) as a "potential asset."

Upon *de novo* review, see In re Connolly N. Am., LLC, 802 F.3d 810, 814 (6th Cir. 2015), this court finds that the bankruptcy court's March 10, 2016 opinion thoroughly and correctly addresses the Trustee's arguments. This court will not endeavor to add to that opinion, but will merely restate the settled principles of bankruptcy law that make the Trustee's arguments without merit.

The filing of a petition for bankruptcy relief creates an estate consisting of "all legal or equitable interests of the debtor in property *as of the commencement of the case*." 11 U.S.C. § 541(a)(1) (emphasis added). The Debtor listed the real property on his Schedule A and properly indicated the

2

value of the real property and the amount of liens to which it was subject.[1]  See 11 U.S.C. § 521. The Debtor disclosed the asset (the real property) in which he had an interest as of the commencement of the case, and that asset became part of the estate. Under the Bankruptcy Code, any "proceeds" or "profits" which might result from the sale or conversion of an asset of the estate automatically become part of the estate as well. See 11 U.S.C. § 541(a)(6). The Trustee has cited no legal authority supporting the proposition that the Debtor had an obligation to separately disclose potential proceeds from any future sale of the real property. It is the role of the bankruptcy trustee, under the bankruptcy court's supervision, to determine how to administer the estate, including whether to liquidate nonexempt assets. See 11 U.S.C. § 704.

Here, the Trustee determined that he should abandon the overburdened real property. A Trustee may "abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C.A. § 554(a). The effect of abandonment is "'to divest the trustee of control over the property because once abandoned, property is no longer a part of the bankruptcy estate.'" In re Sills, 126 B.R. 974, 976 (Bankr. S.D. Ohio 1991) (quoting 4 COLLIER ON BANKRUPTCY para. 554.02 at pp. 554–57, 554–8). "When property is abandoned, it ceases to be property of the estate and reverts to the debtor." Id. (citing Brown v. O'Keefe, 300 U.S. 598, 602 (1937)). The abandonment of an asset is irrevocable, except where the Debtor conceals the asset or provides misleading information about the asset, which is not the case here. See In re Kloian, 115 Fed. App'x 768, 769 (6th Cir. 2004). As the Sixth Circuit has stated:

> Under the general rule, the abandonment of an asset of a bankruptcy estate pursuant to 11 U.S.C. § 554 is irrevocable. Courts reason that once abandoned, property passes out of the estate. The trustee (or, here, the bankruptcy court) may not reassert control over the property in light of subsequent events – for example, if it later becomes clear that a piece of property has greater value than was previously believed.

Id. (citing cases).

The Trustee argues that despite having abandoned the real property, he did not abandon the surplus proceeds because they did not yet exist (although he incongruously contends the Debtor should have disclosed the proceeds before they existed). Again, however, the Code includes in the estate any future "proceeds" or "profits" produced from assets that existed at the commencement of the case. When the Trustee abandoned the scheduled asset, he also abandoned any proceeds which

---

[1] There is no indication on the record that the Debtor concealed or provided misleading information about the value of the real property or of the claims secured by it.

might be realized from the liquidation or conversion of the asset. See In re Sutton, 10 B.R. 737, 741 (Bankr. E.D. Va. 1981) (holding "the trustee's abandonment of the property is irrevocable" and thus the "proceeds of the sale of the residence . . . is not an asset of the bankruptcy estate").

The Trustee has not cited any applicable authority in support of his appeal. Rather, as the bankruptcy court observed, the Trustee has relied on inapplicable cases involving proceeds from the *pre-petition* sale of assets. See, e.g., In re Anderson, 511 B.R. 481 (Bankr. S.D. Ohio 2013) (holding that the trustee did not abandon proceeds from a pre-petition sheriff's sale of the debtor's real property because the debtor failed to disclose the existence of the proceeds). Here, the proceeds from the *post-petition* sale of the abandoned real property are not the property of the Debtor's bankruptcy estate and thus the bankruptcy court does not have jurisdiction over those proceeds.

Conclusion. Accordingly, the March 10, 2016 order of the bankruptcy court is AFFIRMED.

                                                      s/ James L. Graham
                                                      JAMES L. GRAHAM
                                                      United States District Judge

DATE: March 16, 2017